IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELIJAH TYRELL TAYLOR, | : No. 1:25cv70 |
| | : |
| | : (Judge Munley) |
| Plaintiff | : |
| | : |
| v. | : |
| | : |
| EXPERIAN INFORMATION SOLUTIONS, INC., | : |
| Defendant | : |

## MEMORANDUM ORDER

Plaintiff Elijah Tyrell Taylor filed a pro se amended complaint against Defendant Experian Information Solutions, Inc. ("Experian") for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.* and the federal identity theft statute, 18 U.S.C. § 1028. Experian responded with a Rule 12(b)(6) motion to dismiss. Experian seeks dismissal with prejudice.

In short, Taylor's pro se filings are difficult to understand. Even when the amended complaint is liberally construed, the court cannot determine Taylor's theory of liability against the defendant. Additionally, it appears that some of the plaintiff's allegations are internally inconsistent.

The Federal Rules of Civil Procedure require a pleading to contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Binsack

v. Lackawanna Cnty. Prison, 438 F. App'x 158, 160 (3d Cir. 2011) (quoting FED. R. CIV. P. 8(a)(1), (2)); see also Glover v. F.D.I.C., 698 F.3d 139, 147 (3d Cir. 2012). A complaint should provide fair notice of what each claim is and the grounds upon which they rest. Garrett v. Wexford Health, 938 F.3d 69, 92 (3d Cir. 2019).

To survive a motion to dismiss, the complaint must also contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when factual content is pled which allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. (citing Twombly, 550 U.S. at 570). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555).

Taylor's amended complaint appears to allege that he was denied a secured credit card by Discover Financial Services, Inc. ("Discover"). (Doc. 4, Am. Compl. at ECF p. 6). Thereafter, Taylor applied for and received an unsecured credit card from Credit One Bank, N.A. ("Credit One"). Id. at 7. Taylor further alleges that either Discover or Experian sold his consumer report to Credit One when he could not obtain a credit card from Discover. Id.

At the same time, Taylor appears to assert that Experian reported nine (9) entries related to Discover on his credit report, but that this was inaccurate reporting. Id. at 10.  An exhibit attached to the complaint indicates that there were hard inquiries on Taylor's credit report from Discover. (Doc. 4-1, Exhs. to Am. Compl. at ECF pp. 34–38 . But based on allegations that Taylor applied for a Discover credit card and a Credit One credit card, one would presume that there would be hard inquiries on a credit report from those financial institutions. Plaintiff's amended complaint does not reconcile these apparent contradictions or allege any other inaccuracies in his consumer reports.[1]  Since Taylor's complaint fails to state a claim under the FCRA, Experian's motion to dismiss will be granted.  The amended complaint will be dismissed.

Nonetheless, a plausible FCRA claim against Experian may be lurking in the shadow of the extra words and exhibits supplied by the plaintiff. See Plaintiff will be provided with thirty (30) days to file a second amended complaint regarding his FCRA claims only.[2]

---

[1] Taylor's amended complaint requests $2,724,941.63 in damages. (Doc. 4 at 13).

[2] Taylor's claim under 18 U.S.C. § 1028 will be dismissed with prejudice.  Section 1028 does not provide for a private right of action by a litigant such as the plaintiff. Obianyo v. Tennessee, 518 F. App'x 71, 72 (3d Cir. 2013) (citing Gonzaga Univ. v. Doe, 536 U.S. 273, 283–84 (2002)).

The second amended complaint should be a stand-alone document, complete in itself and without reference to any previous pleadings. The amended complaint should set forth Taylor's claims in short, concise, and plain statements, and in numbered paragraphs, each limited to a single fact per paragraph as far as practicable. See FED. R. CIV. P. 8(a), 8(d), and 10. If Taylor believes that Experian furnished his consumer report without a statutorily provided permissible purpose, he should identify the recipient and when it was supplied. Taylor's second amended complaint should not hide any allegations about inaccuracies in his credit report. Plaintiff is directed to state which items on his credit report are wrong, why they are wrong, and when he discovered the errors. Plaintiff is also directed to state when and how he notified Experian of the discrepancies and the results of same. Taylor need not copy and paste long passages of statutes, dictionary entries, or court cases. Rather, plaintiff must simply state the facts of his situation. If Taylor continues to plead his claims in riddles or rely upon mutually exclusive facts without explanation, his claims will be dismissed with prejudice. Furthermore, if Taylor fails to file a second amended complaint within the period provided by the court, his claims will be dismissed with prejudice for failure to prosecute and/or failure to comply with a court order.

Accordingly, for the reasons set forth above, it is hereby **ORDERED** that:

1) Experian's motion to dismiss, (Doc. 13), is **GRANTED**;

2) Taylor's claims against Experian arising out of 18 U.S.C. § 1028 are **DISMISSED** with prejudice;

3) Taylor's FCRA claims against Experian are **DISMISSED** without prejudice;

4) Taylor may file a second amended complaint within thirty (30) days of this order addressing the deficiencies discussed above; and

5) Should Taylor fail to file a second amended complaint within this period, the court will dismiss plaintiff's FCRA claims with prejudice and without additional notice to the plaintiff.

Date: 1/7/26

BY THE COURT:

JUDGE JULIA K. MUNLEY
United States District Court