**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ELIJAH TYRELL TAYLOR, | : | CIVIL NO: 1:25-CV-00070 |
| | : | |
| Plaintiff, | : | (Judge Munley) |
| | : | |
| v. | : | (Magistrate Judge Schwab) |
| | : | |
| EXPERIAN INFORMATION SOLUTIONS, INC. | : | |
| | : | |
| Defendant. | : | |

**REPORT AND RECOMMENDATION**

## I. Introduction.

Plaintiff Elijah Tyrell Taylor claims that Defendant Experian Information Solutions, Inc. failed to comply with its obligations under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681, *et seq*. Currently pending is Experian's motion to dismiss Taylor's second amended complaint. For the reasons discussed below, we recommend that the Court grant Experian's motion to dismiss. We further recommend that the Court not grant Taylor further leave to amend and that the Court close this case.

**II. Background and Procedural History.**

Taylor, representing himself, began this action by filing a complaint. *Doc. 1*. He later filed an amended complaint asserting claims against Experian under the FCRA and under the federal identity theft statute, 18 U.S.C. § 1028. *Doc. 4*.

Experian moved to dismiss the amended complaint. *See doc. 13*. After that motion to dismiss was fully briefed, Judge Munley addressed the motion to dismiss. *See doc. 18*. Because 18 U.S.C. § 1028 does not provide for a private right of action, Judge Munley dismissed Taylor's claim under that statute with prejudice. *Id*. at 3 n.2, 5. Judge Munley dismissed Taylor's claim under the FCRA without prejudice, and she gave Taylor leave to file a second amended complaint. *Id*. at 5.

In addressing Taylor's FCRA claims in his amended complaint, Judge Munley noted that "Taylor's pro se filing are difficult to understand[,]" that "[e]ven when the amended complaint is liberally construed, the court cannot determine Taylor's theory of liability against the defendant[,]" and that "it appears that some of the plaintiff's allegations are internally inconsistent." *Id*. at 1. Judge Munley construed and analyzed the amended complaint as follows:

> Taylor's amended complaint appears to allege that he was denied a secured credit card by Discover Financial Services, Inc. ("Discover"). (Doc. 4, Am. Compl. at ECF p. 6). Thereafter, Taylor applied for and received an unsecured credit card from Credit One Bank, N.A. ("Credit One"). Id. at 7. Taylor further alleges that either Discover or Experian sold his

> consumer report to Credit One when he could not obtain a credit card from Discover. Id.
>
> At the same time, Taylor appears to assert that Experian reported nine (9) entries related to Discover on his credit report, but that this was inaccurate reporting. Id. at 10. An exhibit attached to the complaint indicates that there were hard inquiries on Taylor's credit report from Discover. (Doc. 4-1, Exhs. to Am. Compl. at ECF pp. 34–38. But based on allegations that Taylor applied for a Discover credit card and a Credit One credit card, one would presume that there would be hard inquiries on a credit report from those financial institutions. Plaintiff's amended complaint does not reconcile these apparent contradictions or allege any other inaccuracies in his consumer reports. Since Taylor's complaint fails to state a claim under the FCRA, Experian's motion to dismiss will be granted. The amended complaint will be dismissed.

*Id*. at 2–3 (footnote omitted).

Although concluding that the amended complaint failed to state a claim upon which relief can be granted under the FCRA, Judge Munley observed that "a plausible FCRA claim against Experian may be lurking in the shadow of the extra words and exhibits supplied by the plaintiff." *Id*. at 3. Thus, she granted Taylor leave to file a second amended complaint. *Id*. at 3, 5. Judge Munley advised Taylor about the requirements for a second amended complaint and the need for him to simply and clearly state his claims:

> The second amended complaint should be a stand-alone document, complete in itself and without reference to any previous pleadings. The amended complaint should set forth Taylor's claims in short, concise, and plain statements, and in numbered paragraphs, each limited to a single fact per paragraph as far as practicable. See FED. R. CIV. P. 8(a), 8(d), and 10. If Taylor believes that Experian furnished his

> consumer report without a statutorily provided permissible purpose, he should identify the recipient and when it was supplied. Taylor's second amended complaint should not hide any allegations about inaccuracies in his credit report. Plaintiff is directed to state which items on his credit report are wrong, why they are wrong, and when he discovered the errors. Plaintiff is also directed to state when and how he notified Experian of the discrepancies and the results of same. Taylor need not copy and paste long passages of statutes, dictionary entries, or court cases. Rather, plaintiff must simply state the facts of his situation. If Taylor continues to plead his claims in riddles or rely upon mutually exclusive facts without explanation, his claims will be dismissed with prejudice.

*Id*. at 4. After Judge Munley dismissed his amended complaint but gave him leave to amend, Taylor filed a second amended complaint. *Doc. 19*. Judge Munley then referred this case to the undersigned for pretrial management. *See doc. 20*.

Upon reviewing the second amended complaint, we noticed that it was not signed. *Id*. We directed the Clerk of Court to send Taylor a copy of his second amended complaint so that he may sign it and return it to the court if he intends to proceed under the second amended complaint. *See Doc. 32*. Taylor then signed his second amended complaint. *See doc. 37* at 48.

Like his amended complaint, Taylor's second amended complaint is difficult to understand, unclear, and contains few factual allegations. Taylor alleges that Experian has been reporting "negative and false information on [his] consumer report[,]" including "inaccurate personal information." *See doc. 37* at 46. But he does not specify what that negative, false, or inaccurate information is. Taylor also

alleges that he “submitted a valid dispute, Defendant received it, and instead of reinvestigating within the 30-day period mandated by § 1681i(a)(1)(A), Defendant issued a stall letter demanding unnecessary documentation for the purpose of delaying its statutory obligations.” *Id*. at 45. But he does not allege what he disputed or what purportedly unnecessary documentation Experian demanded. Similarly, Taylor alleges that Experian did not conduct a proper investigation or reinvestigation, *see id*. at 44–46, but he does not specify what required investigation or reinvestigation. Further, Taylor alleges that he has not received “any written document or permissible purpose by ‘Experian’ which therefore indicates a thorough, true, and accurate investigation did not take place.” *Id*. at 46. But again he does not specify what investigation or reinvestigation was required, and to the extent Taylor is suggesting that Experian provided his credit report to others who did not have a permissible purpose for obtaining his report, he does not specify who those entities or individuals were. Taylor also alleges that he did not initiate a consumer credit transaction with Experian and therefore he does not and should not have an account with Experian. *Id*. at 47. But he does not allege that Experian reported on his consumer report that he had an account with Experian. Further, although Taylor alleges that “Experian did not provide [him] with a 1099-C for any reported charged off accounts reflecting negative balance[,]” *see id*., he

does not allege that Experian charged off any account or that Experian, as a credit reporting agency, would charge off accounts.

Although the second amended complaint contains few facts, it contains multiple conclusory assertions that Experian violated the FCRA. *Id*. at 44–47. As relief, Taylor seeks actual and punitive damages as well as injunctive relief compelling Experian "to fix negative errors on the report[.]" *Id*. at 3, 48.

Taylor attached numerous exhibits to his second amended complaint. He attached correspondence from Experian regarding four separate disputes, a credit report generated on January 12, 2026, postal receipts, some Rules and Regulations of the Bureau of Consumer Financial Protection published in the Federal Register, and a one-page summary of an Advisory Opinion by the Bureau of Consumer Financial Protection titled "Fair Credit Reporting: Permissible Purposes for Furnishing, Using, and Obtaining Consumer Reports." *Id*. at 5–43, 49–79.

We now address Experian's motion to dismiss the second amended complaint, which has been fully briefed. *See docs. 21, 22, 28, 31*.

## III. Motion to Dismiss Standards.

In accordance with Fed. R. Civ. P. 12(b)(6), the court may dismiss a complaint for "failure to state a claim upon which relief can be granted." When reviewing a motion to dismiss under Rule 12(b)(6), "[w]e must accept all factual allegations in the complaint as true, construe the complaint in the light favorable to

the plaintiff, and ultimately determine whether plaintiff may be entitled to relief under any reasonable reading of the complaint." *Mayer v. Belichick*, 605 F.3d 223, 229 (3d Cir. 2010). In making that determination, we "consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the [plaintiff's] claims are based upon these documents." *Id.* at 230.

"A Rule 12(b)(6) motion tests the sufficiency of the complaint against the pleading requirements of Rule 8(a)." *I.H. ex rel. D.S. v. Cumberland Valley Sch. Dist.*, 842 F. Supp. 2d 762, 769–70 (M.D. Pa. 2012). "Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). The statement required by Rule 8(a)(2) must give the defendant fair notice of the nature of the plaintiff's claim and of the grounds upon which the claim rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Detailed factual allegations are not required, but more is required than "labels," "conclusions," or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "In other words, a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). "A complaint has to 'show' such an entitlement with its facts." *Id.*

In considering whether a complaint fails to state a claim upon which relief can be granted, the court "'must accept all facts alleged in the complaint as true and construe the complaint in the light most favorable to the nonmoving party.'" *Krieger v. Bank of Am., N.A.*, 890 F.3d 429, 437 (3d Cir. 2018) (quoting *Flora v. Cty. of Luzerne*, 776 F.3d 169, 175 (3d Cir. 2015)). But a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997). A court also need not "assume that a . . . plaintiff can prove facts that the . . . plaintiff has not alleged." *Associated Gen. Contractors of Cal. v. California State Council of Carpenters,* 459 U.S. 519, 526 (1983).

Following *Twombly* and *Iqbal,* a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, it must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

*Santiago v. Warminster Tp.,* 629 F.3d 121, 130 (3d Cir. 2010) (footnote and citations omitted) (quoting *Iqbal,* 556 U.S. at 675, 679).

In sum, although "[w]e accept as true all factual matters [the plaintiff] alleges, . . . his complaint cannot survive unless the facts it recites are enough to state plausible grounds for relief." *Beasley v. Howard*, 14 F.4th 226, 231 (3d Cir. 2021) (citing *Iqbal*, 556 U.S. at 678). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. But "[a] claim that relies just on 'conclusory statements,' or on 'threadbare recitals of the elements of a cause of action' without supporting factual allegations, does not establish plausible grounds for relief." *Id*. (quoting *Fischbein v. Olson Rsch. Grp., Inc.*, 959 F.3d 559, 561 (3d Cir. 2020)).

A complaint filed by a pro se litigant is to be liberally construed and "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson,* 551 U.S. at 94 (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). "Notwithstanding the rule of liberal construction, a pro se complaint may not survive dismissal if its factual allegations do not meet Iqbal's basic plausibility standard." *Beasley*, 14 F.4th at 231.

**IV. Discussion.**

Taylor claims that Experian violated the FCRA. For the reasons set forth below, we conclude that the second amended complaint fails to state a FCRA claim against Experian upon which relief can be granted.

"A credit report can determine everything from whether a person can secure a credit card, purchase a home, win a new job, or start a small business." *Dep't of Agric. Rural Dev. Rural Hous. Serv. v. Kirtz*, 601 U.S. 42, 45 (2024). "Recognizing the importance of accuracy in credit reporting, Congress adopted the Fair Credit Reporting Act in 1970 (FCRA)." *Id*. The FCRA "created a regulatory framework governing consumer credit reporting." *Seamans v. Temple Univ.*, 744 F.3d 853, 860 (3d Cir. 2014). "That framework 'was crafted to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner.'" *Id*. (quoting *Cortez v. Trans Union, LLC,* 617 F.3d 688, 706 (3d Cir. 2010) (quotation marks omitted)).

"The consumer credit reporting system involves two primary parties: (1) *consumer reporting agencies*—like Experian—which compile reports on consumers and make them available to lenders, insurers, employers, landlords, and other users, and (2) *furnishers*. . . which provide information about consumers to consumer reporting agencies." *Ingram v. Experian Info. Sols., Inc.*, 83 F.4th 231,

237 (3d Cir. 2023) (italics in original). The "FCRA imposes a variety of obligations on both furnishers and CRAs." *Seamans*, 744 F.3d at 860.

"With a few narrow exceptions, the FCRA provides a right of action to consumers against furnishers or consumer reporting agencies who are either willful or negligent 'in failing to comply with any requirement imposed under [the FCRA].'" *Ingram*, 83 F.4th at 237 (quoting 15 U.S.C.§ 1681o and citing 15 U.S.C. § 1681n).

Here, because Taylor cites both 15 U.S.C. § 1681n ("Civil liability for willful noncompliance") and 15 U.S.C. § 1681o ("Civil liability for negligent noncompliance"), we construe the second amended complaint as raising claims that Experian both willfully and negligently violated the FRCA. Taylor cites various provisions of the FCRA, but the second amended complaint is unclear and confusing. Nevertheless, liberally construing that second amended complaint, we address below the claims that we think Taylor is—or may be—attempting to raise.[1]

[1] Taylor includes facts in his brief in opposition that he did not include in his second amended complaint. "Although a court on a motion to dismiss ordinarily 'must accept the allegations in the complaint as true,' it is not compelled to accept assertions in a brief without support in the pleadings." *Chavarriaga v. New Jersey Dep't of Corr.*, 806 F.3d 210, 232 (3d Cir. 2015) (quoting *Morrow v. Balaski,* 719 F.3d 160, 165 (3d Cir. 2013)). "After all, a brief is not a pleading." *Id*. Thus, we do not accept the factual assertions in Taylor's brief that do not appear in his second amended complaint.

**A. 15 U.S.C. §1681e(b) and § 1681i(a).**

Taylor alleges that Experian reported false information on his credit report, and that he submitted a valid dispute, but Experian did not conduct a proper investigation or reinvestigation. *See doc. 37* at 44–46. And Taylor cites 15 U.S.C. § 1681e(b) and § 1681i(a). Thus, we analyze whether the second amended complaint states a claim upon which relief can be granted under either § 1681e(b) or § 1681i(a). As explained below, to state a claim upon which relief can be granted under either § 1681e(b) or § 1681i(a), a plaintiff must plausibly allege, among other things, that his credit report was inaccurate. "A report is inaccurate under the FCRA if a reasonable reader would understand it to convey information that is materially false or misleading." *Bandes v. TransUnion LLC*, No. 25-3184, 2026 WL 1266110, at *1 (3d Cir. May 8, 2026). And because Taylor has not alleged facts that plausibly support an inference that his credit report was inaccurate, we conclude that the second amended complaint fails to state either a § 1681e(b) or a § 1681i(a)(1)(A) claim upon which relief can be granted.

15 U.S.C. § 1681e(b), which deals with a consumer reporting agency's duties regarding procedures to assure accuracy of a consumer report in the first instance, provides that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report

relates." "Negligent noncompliance with FCRA § 1681e(b) consists of four elements: '(1) inaccurate information was included in a consumer's credit report; (2) the inaccuracy was due to defendant's failure to follow reasonable procedures to assure maximum possible accuracy; (3) the consumer suffered injury; and (4) the consumer's injury was caused by the inclusion of the inaccurate entry.'" *Bibbs v. Trans Union LLC*, 43 F.4th 331, 342 (3d Cir. 2022) (footnote omitted) (quoting *Cortez*, 617 F.3d at 708). "[W]illful violations of the FCRA . . . require the additional showing that the defendant acted knowingly or with reckless disregard of the statute's terms." *Id*. at 342 n.16.

15 U.S.C. § 1681i deals with procedures in cases where a consumer disputes the accuracy of a consumer report. "When a consumer notifies a consumer reporting agency that they dispute the accuracy or completeness of the information in their consumer file, the agency has two principal obligations." *Ingram*, 83 F.4th at 238. "First, within five (5) days of receiving the dispute, the agency must provide notice of the dispute to the furnisher that provided the disputed information." *Id.* (citing § 1681i(a)(2)(A)). "Second, within thirty (30) days of receiving the dispute, the agency 'shall' conduct a 'reasonable' investigation to determine whether the disputed information is inaccurate." *Id.* (quoting § 1681i(a)(1)(A)). "After completing the investigation, the consumer reporting agency is required, among other responsibilities, to delete any information that

could not be verified from the consumer's file and notify the consumer in writing of the results of the investigation." *Id.* at 238–39 (citing §§1681i(a)(5)(A), (6)).

Nevertheless, "the FCRA explicitly allows a consumer reporting agency to 'terminate' its investigation into a[] . . . dispute 'if the agency reasonably determines that the dispute by the consumer is frivolous or irrelevant, including by reason of a failure by a consumer to provide sufficient information to investigate the disputed information.'" *Id.* at 239 (quoting § 1681i(a)(3)(A)). "If the agency determines that a dispute is frivolous or irrelevant, it must notify the consumer, provide the reasons for the determination, and identify any information that is needed to investigate the dispute." *Id.* (citing §§ 1681i(a)(3)(B)–(C)). But "[a]ssuming the agency does not reasonably determine as a threshold matter that the dispute is frivolous or irrelevant, the agency must perform an investigation into the disputed information and update or delete it as necessary." *Id*. at 237.

As noted, when a consumer notifies a consumer reporting agency of a nonfrivolous dispute, the agency must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate[.]" 15 U.S.C. § 1681i(a)(1)(A). The "decisive inquiry" as to whether a consumer reporting agency's reinvestigation was reasonable is whether the agency "could have determined that there was an inaccuracy if it had reasonably investigated the matter." *Bibbs*, 43 F.4th at 344 (internal quotation marks and citation omitted).

Thus, "without a showing that the reported information was in fact inaccurate, a claim brought under §1681i must fail." *Id*. (footnote, internal quotation marks, and citations omitted).

In sum, to state a claim under either § 1681e(b) or § 1681i(a), a plaintiff must allege that his credit report was inaccurate. *Id.* at 342 ("An inaccuracy is the threshold requirement for a § 1681e(b) claim."), at 344 (holding that a claim under § 1681i "must fail" "without a showing that the reported information was in fact inaccurate"). And conclusory allegations in that regard without supporting facts are insufficient. *See e.g. Williams v. Experian Info. Sols., Inc.*, No. 23-3167, 2024 WL 3439776, at *1 (3d Cir. July 17, 2024) (affirming dismissal of FCRA claims where the plaintiff's allegations concerning inaccuracies "consist almost entirely of conclusory allegations that Experian included 'inaccurate' information in his report[,]" and "[t]he only exception is his allegation that '[t]he inaccurate information includes a credit card account from [PSECU] that represented a balance and a late payment[,]" but noting that "even there Williams did not allege how or why that information was inaccurate or how Experian should have reported it[,]" and concluding that "[w]ithout any allegations in that regard, his complaint does not permit the reasonable inference that his credit report was inaccurate, let alone that Experian was liable for that inaccuracy"); *Anigbogu v. Midland Credit Mgmt., Inc.*, No. 23-CV-21732, 2025 WL 99581, at *2 (D.N.J. Jan. 15, 2025)

(concluding that the complaint failed to state claims under §§ 1681e(b) and 1681i(a), where "the Plaintiff allege[d] that his credit report was 'inaccurate[,]'" but he alleged nothing regarding "the part of the report that was allegedly inaccurate or why he believes it was" inaccurate and collecting cases that stand for the proposition that "failure to plausibly allege an inaccuracy cuts off claims under both § 1681e(b) of the FCRA and § 1681i(a)); *Harris v. Trans Union LLC*, No. 3:25-CV-279-RPC-RP, 2026 WL 1162288, at *5 (N.D. Miss. Apr. 29, 2026) ("Courts routinely dismiss Section 1681(e)(b) and 1681i claims that fail to describe the specific misstate[ments] or inaccuracies within credit reports and explain why they are incorrect." (internal quotation marks and citations omitted)).

Here, Taylor alleges that Experian reported false information on his credit report. But he does not allege what in his credit report was inaccurate much less why it was inaccurate. This despite Judge Munley's explicit direction that he do so. *See doc. 18* at 4 ("Taylor's second amended complaint should not hide any allegations about inaccuracies in his credit report. Plaintiff is directed to state which items on his credit report are wrong, why they are wrong, and when he discovered the errors."). Because Taylor fails to plausibly allege that his credit

report was inaccurate, the second amended complaint fails to state a claim under § 1681e(b) or § 1681i(a) upon which relief can be granted.[2]

**B. 15 U.S.C. § 1681c-2.**

Taylor also cites to 15 U.S.C. § 1681c-2, which deals with blocking information resulting from identity theft. Section 1681c-2(a) provides:

> Except as otherwise provided in this section, a consumer reporting agency shall block the reporting of any information in the file of a consumer that the consumer identifies as information that resulted from an alleged identity theft, not later than 4 business days after the date of receipt by such agency of—
> **(1)** appropriate proof of the identity of the consumer;
> **(2)** a copy of an identity theft report;
> **(3)** the identification of such information by the consumer; and
> **(4)** a statement by the consumer that the information is not information relating to any transaction by the consumer.

Although Taylor makes a passing reference to § 1681c-2, he does not allege that he was the victim or identify theft, that he submitted an identity theft report to

[2] In connection with his allegations regarding § 1681i(a), Taylor purports to cite to *Younger v. Experian Info. Solutions, Inc.*, 817 F. Supp. 2d 1114 (W.D. Wash. 2011). *See doc. 37* at 45. But, as Experian points out in its brief, *see doc. 22* at 7, there does not appear to be such a case. Experian concludes that it is possible that Taylor meant to refer to *Younger v. Experian Info. Sols., Inc.*, 817 F. App'x 862, 863 (11th Cir. 2020). *Doc. 22* at 7. That conclusion is reasonable. In addition to the Eleventh Circuit case citation beginning with "817" as does the purported case cited by Taylor, the Eleventh Circuit's case deals with an appeal of a district court decision with a docket number that Taylor also cites. *See doc. 37* at 47. Even so, the Eleventh Circuit's *Younger* decision does not assist Taylor as that case dealt with an appeal following a jury trial. *See Younger*, 817 F. App'x at 863. It did not address the standard for pleading a claim under § 1681i(a).

Experian, or that he informed Experian that there was information in his file that resulted from identity theft. Thus, the second amended complaint fails to state a § 1681c-2 claim upon which relief can be granted.

**C. Other Provisions of the FCRA.**

Taylor makes passing references to several other provisions of the FCRA. He cites to § 1681b, which is titled "Permissible purposes of consumer reports." Section 1681b(a) sets forth numerous circumstances under which a consumer reporting agency may furnish a consumer report. 15 U.S.C. § 1681b(a)(1)–(6). Taylor purports to cite to 15 U.S.C. § 1681b(a)(2)(i). *See doc. 37* at 47. But there is no such subsection. Rather, one of the circumstances set forth when a consumer reporting agency may provide a credit report is when it is "[i]n accordance with the written instructions of the consumer to whom it related." 15 U.S.C. § 1681b(a)(2). But § 1681b(a)(2) is not further subdivided: i.e., there is no § 1691b(a)(2)(i), as suggested by Taylor. Moreover, § 1681b(a) provides numerous circumstances under which a credit reporting agency may provide a credit report. Thus, to the extent that Taylor may be suggesting that Experian may only provide his credit report in accordance with his written instructions, he is mistaken.

Taylor also cites § 1681b(f), which provides:

> A person shall not use or obtain a consumer report for any purpose unless--
>
> **(1)** the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and
> **(2)** the purpose is certified in accordance with section 1681e of this title by a prospective user of the report through a general or specific certification.

15 U.S.C.A. § 1681b(f). He further cites to § 1681e(e)(1), which provides:

> A person may not procure a consumer report for purposes of reselling the report (or any information in the report) unless the person discloses to the consumer reporting agency that originally furnishes the report—
>
> **(A)** the identity of the end-user of the report (or information); and
> **(B)** each permissible purpose under section 1681b of this title for which the report is furnished to the end-user of the report (or information)."

And he cites to § 1681q,[3] which provides that "[a]ny person who knowingly and willfully obtains information on a consumer from a consumer reporting agency under false pretenses shall be fined under Title 18, imprisoned for not more than 2 years, or both."

Here, Taylor does not allege facts that plausibly support an inference that Experian provided his credit report in violation of § 1681b(a) or any other

[3] Taylor actually references § 619 of the FCRA, which is codified at 15 U.S.C. § 1681q.

provision of the FCRA. Although Taylor does not explicitly cite § 1681e(a), we note that that provision provides:

> Every consumer reporting agency shall maintain reasonable procedures designed to avoid violations of section 1681c of this title and to limit the furnishing of consumer reports to the purposes listed under section 1681b of this title. These procedures shall require that prospective users of the information identify themselves, certify the purposes for which the information is sought, and certify that the information will be used for no other purpose. Every consumer reporting agency shall make a reasonable effort to verify the identity of a new prospective user and the uses certified by such prospective user prior to furnishing such user a consumer report. No consumer reporting agency may furnish a consumer report to any person if it has reasonable grounds for believing that the consumer report will not be used for a purpose listed in section 1681b of this title.

15 U.S.C.A. § 1681e(a). When giving Taylor leave to file a second amended complaint, Judge Munley warned Taylor that if he "believes that Experian furnished his consumer report without a statutorily provided permissible purpose, he should identify the recipient and when it was supplied." *Doc. 18* at 4. But Taylor has not done so. Further, §§ 1681b(f), 1681e(e)(1), 1681q, which Taylor cites, concern using, obtaining, or procuring a credit report rather than a credit reporting agency furnishing a credit report to a third party. In sum, Taylor fails to state a claim upon which relief can be granted against Experian under §§ 1681b(a), 1681b(f), 1681e(a), 1681e(e)(1), 1681q.

Further, although Taylor does not include a citation to 15 U.S.C. § 1681s-2 in his second amended complaint, he quotes a portion of § 1681s-2(a). *See doc. 37* at 45. But that provision is titled "Duty of furnishers of information to provide accurate information," and it addresses duties of persons who provide information to consumer reporting agencies. 15 U.S.C. § 1681s-2(a). It does not address duties of consumer reporting agencies, such as Experian, and Taylor fails to state a claim upon which relief can be granted against Experian under § 1681s-2(a).

In sum, Taylor has not alleged facts from which it can reasonably be inferred that Experian violated the FCRA. Thus, the second amended complaint fails to state a FCRA claim upon which relief can be granted.[4]

**D. Leave to Amend.**

Judge Munley previously gave Taylor leave to amend, and she advised him that he needed to present a short and plain statement of his claims, and if he fails to do so, his claims will be dismissed with prejudice. Yet, Taylor has failed to set

[4] Taylor also cites to 15 U.S.C. § 1693a(2), which sets forth the definition of the term "account" under the Electronic Funds Transfer Act. He alleges that he has "not initiated a consumer credit transaction with, therefore, [he] do[es] not and should not have an 'account' as defined under 15 U.S.C. § 1693a(2) with the 'Defendant.'" *Doc 37* at 47. But it is entirely unclear what Taylor is attempting to claim in this regard. In any event, in addition to not alleging facts that plausibly support an inference that Experian violated the FCRA, Taylor does not allege facts that plausibly support an inference that Experian violated the Electronic Funds Transfer Act.

forth a short and plain statement of claims. And he has failed to allege facts that plausibly support an inference that Experian violated the FCRA. Further leave to amend would be futile. Thus, we recommend that the court dismiss the second amended complaint without giving Taylor further leave to amend.

**V. Recommendations.**

For the reasons set forth above, we recommend that the court grant Experian's motion (*doc. 21*) to dismiss the second amended complaint with prejudice and that the court close this case.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive

further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 12th day of August, 2026.

***S/Susan E. Schwab***
Susan E. Schwab
United States Magistrate Judge