**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ELIJAH TYRELL TAYLOR,** | : | **No. 1:25cv70** |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | **(Magistrate Judge Schwab)** |
| **EXPERIAN INFORMATION** | : | |
| **SERVICES, INC., also known as** | : | FILED |
| **"a.k.a." "Experian Holdings, plc",** | : | SCRANTON |
| **Defendant** | : | |

AUG 31 2026

PER [signature] DEPUTY CLERK

**ORDER**

Before the court is a report and recommendation ("R&R") in the above matter. (Doc. 40). United States Magistrate Judge Susan E. Schwab recommends that the court grant Defendant Experian Information Services, Inc.'s motion to dismiss the second amended complaint. Id. at 1. The recommended disposition is dismissal with prejudice. Id.

The R&R was issued on August 12, 2026. By statute, the plaintiff had 14 days to object to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1)(C). No objections have been received and the time for filing has passed.

Section 636(b)(1) requires that the plaintiff file timely and specific objections to trigger de novo review of the R&R. Goney v. Clark, 749 F.2d 5, 6 (3d Cir. 1984) (per curiam). "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to

accept the recommendation." FED. R. CIV. P. 72, Notes of Advisory Committee on Rules—1983 (citation omitted).

After review, the court discerns no error in the Magistrate Judge Schwab's analysis. In addressing Experian's prior motion to dismiss the plaintiff's amended complaint, the court analyzed Taylor's pleadings and earnestly attempted to understand his claims to no avail. In granting Experian's earlier motion to dismiss, the court provided the plaintiff with an opportunity to recalibrate his theories of liability in a second amended complaint. Upon review of the second amended complaint, (Docs. 19, 37), and the parties' arguments in their briefs, (Docs. 22, 28, 31), it would not be a manifest injustice to grant Experian's motion and dismiss the second amended complaint with prejudice.

It is thus hereby **ORDERED** as follows:

1) The R&R, (Doc. 40), is **ADOPTED** in its entirety;
2) Experian's motion to dismiss, (Doc. 21), is **GRANTED**;
3) Plaintiff's second amended complaint, (Docs. 19, 37), is **DISMISSED** with prejudice; and
4) The Clerk of Court is directed to close this case.

Date: 8/31/26

BY THE COURT:

JUDGE JULIA K. MUNLEY
United States District Court